IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| AMALI OBAYA,<br>*Plaintiff* | §<br>§<br>§ | |
| | § | SA-22-CV-00116-XR |
| -vs- | §<br>§ | |
| ALLSTATE TEXAS LLOYD'S,<br>*Defendant* | §<br>§<br>§ | |

**ORDER**

On this date, the Court considered Plaintiff's Second Motion to Remand (ECF No. 3), Defendant's Response (ECF No. 8), and Plaintiff's Reply (ECF No. 9). After careful consideration, it is hereby ordered that the motion is **DENIED**.

**BACKGROUND**

Plaintiff Amali Obaya owns the property located at 10626 Cavelier Point, San Antonio, Texas 78254 (the "Property"). ECF No. 1-3 at 2. Plaintiff purchased Texas insurance policy 00938533196 (the "Policy") to insure the Property. *Id.* On or about February 16, 2021, a wind/hailstorm caused damage to the insured Property, and Plaintiff submitted a claim against the Policy. *Id* at 3. Plaintiff alleges that her claim was unreasonably investigated, improperly adjusted, and that Defendant wrongfully denied the claim. *Id.* at 3–4.

**I.      First Removal to Federal Court**

Plaintiff initially sued Allstate Vehicle and Property Insurance Company in state court for violations of the Texas Insurance Code, Deceptive Trade Practices Act, intentional breach of contract, breach of the common law duty of good faith and fair dealing, and common law fraud. *See Obaya v. Allstate Vehicle & Prop. Ins.*, No. SA-21-CV-00935-XR, 2021 WL 4988299, at *1

(W.D. Tex. Oct. 26, 2021). Plaintiff did not assert claims against Allstate Texas Lloyd's in its original petition, nor did Allstate Texas Lloyd's utilize procedural means to become an actual party to the lawsuit. *Id.*

Allstate Texas Lloyd's removed the case to this Court on October 8, 2021, alleging diversity jurisdiction. *Id.* Plaintiff timely moved to remand, arguing that Allstate Texas Lloyd's was not an actual party to the state court action and thus lacked the power to remove the case to federal court. *Id.* Allstate Texas Lloyd's argued that it was the proper defendant in this case and that Plaintiff's "misidentification [did] not destroy diversity jurisdiction" because both Allstate Texas Lloyd's and Allstate Vehicle and Property Insurance were Illinois citizens and Plaintiff was a Texas citizen. *Id.*

The Court agreed with Plaintiff, relying on *Valencia v. Allstate Texas Lloyd's*, in which the Fifth Circuit specifically rejected the notion that misidentification grants the misidentified party the power to remove a case. *Id.* at *2 (citing *Valencia*, 976 F.3d 593, 597 (5th Cir. 2020) ("There are circumstances in which a misidentification may be overlooked . . . But such circumstances concern questions about the statute of limitations that are not relevant here.")). The Court noted that the burden was on Allstate Texas Lloyd's—the entity asserting diversity jurisdiction—to prove that it was entitled to remove the case to this Court. *Id*. Nothing in the state court record established that Allstate Texas Lloyd's was an actual party to the lawsuit prior to filing its Notice of Removal. "The law is clear that a case filed in state court may be removed to federal court only by 'the defendant or defendants' . . . and . . . [a] non-party, *even one that claims to be the proper party in interest*, is not a defendant and accordingly lacks the authority to remove a case." *Valencia*, 976 F.3d at 595 (emphasis added) (citing *Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 575 (5th Cir. 2006) ("[W]here an entity has not properly been made a party in state court, removal

jurisdiction cannot be premised on its presence in the action.")). Allstate Texas Lloyd's was not a defendant in the state court action and thus lacked the authority to remove the case to federal court. Accordingly, on October 26, 2021, the Court remanded the case to state court. *Obaya*, 2021 WL 4988299, at *2.

**II.     State Court Proceedings and Second Removal**

After remand, on November 3, 2021, Plaintiffs filed an agreed motion and proposed order in state court substituting Allstate Texas Lloyd's as the proper defendant. *See* ECF No. 1-22. Shortly thereafter, Allstate Texas Lloyd's filed an original answer and initial disclosures and served discovery requests on Plaintiff. *See* ECF Nos. 1-23, 1-24; ECF No. 1-29 at 2.

It appears that while the Court's remand order was issued on October 26, 2021, the state court did not receive a certified copy of the order until December 8. *See* ECF No. 1-25; ECF No. 1-29 at 2. On January 4, 2022, at the state court's request, the parties filed an agreed motion to substitute Allstate Texas Lloyd's for defendant Allstate Vehicle and Property Insurance Company and re-submitted the proposed order filed in November. ECF No. 1-26 at 2. The order was signed on January 11, 2022. ECF No. 1-26 at 6. In the months between remand in October 2021 and the substitution of Allstate Texas Lloyd's as a defendant in January 2022, the parties continued to engage in activity related to the litigation: Allstate reinspected the Property in November; Plaintiff responded to Allstate's discovery requests in December; and Allstate took Plaintiff's deposition in January. On February 4, 2022, the parties engaged in an unsuccessful mediation.

Plaintiff filed her First Amended Petition on February 9, 2022, and Allstate Texas Lloyd's re-removed the case to this Court the next day. *See* ECF No. 1. Plaintiff now moves to remand, arguing that Allstate's second removal is an attempt to seek review of the Court's remand order in violation of 28 U.S.C. § 1447(d) and is barred by the doctrine of judicial estoppel. ECF No. 3.

**DISCUSSION**

**I.     Legal Standard**

On a motion to remand, a court must consider whether removal to federal court was proper. Removal is proper in any "civil action brought in State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *Valencia*, 976 F.3d at 595 (quoting *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).

When, as here, the federal court's subject matter jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332, diversity of citizenship must exist at the time of removal. *Tex. Beef Grp. v. Winfrey*, 201 F.3d 680, 686 (5th Cir. 2000). Furthermore, "a case filed in state court may be removed to federal court only by 'the defendant or the defendants.'" *Valencia*, 976 F.3d at 595 (quoting 28 U.S.C. § 1441(a)). "Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot–Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)).

**II.    Analysis**

Plaintiff argues that Allstate Texas Lloyd's second motion to remand is barred under 28 U.S.C. §1447(d), which provides that an order remanding a case to state court after removal "is not reviewable on appeal or otherwise." Plaintiff submits that this removal is based on the same grounds and information as the first removal and thus is "properly characterized as nothing more than [a] motion to reconsider" the remand order. ECF No. 4 at 7.

"The Fifth Circuit recognizes a defendant's right to seek subsequent removals after remand." *W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996). Generally, "once a

case is remanded to state court, a defendant is precluded only from seeking a second removal on the *same ground.*" *Id.* at 493. "'[O]n the same ground' does not concern the theory on which federal jurisdiction exists, (*i.e.*, federal question or diversity jurisdiction), but rather the pleading or event that made the case removable." *Id*. Where a different factual basis for removal is raised in a successive notice of removal, a defendant does not offend § 1447(d)'s bar against review of the first remand order. *Vargas v. CML Sec.*, LLC, No. 5-21-CV-00038-FB-RBF, 2021 WL 2070465, at *3 (W.D. Tex. May 24, 2021) (citing *Winningkoff v. Am. Cyanamid*, No. CIV.A. 99-3077, 2000 WL 235648, at *4 (E.D. La. Mar. 1, 2000)), *report and recommendation adopted* 2021 WL 4125915 (W.D. Tex. June 15, 2021).

Defendant submits that the second removal, premised on the state court's order substituting Allstate Texas Lloyd's as the proper defendant, was timely and proper under 28 U.S.C. § 1446(b)(3), which provides that a defendant may file a notice of removal within thirty days after receipt of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." ECF No. 8 at 3. Plaintiff objects that the state court's order merely cured a procedural defect in the first removal but did not provide new or different grounds to re-remove this case. ECF No. 4 at 6–7. The Court disagrees.

As a preliminary matter, the Court's remand order was not based on a "procedural defect." The Fifth Circuit's decision in *De Jongh v. State Farm Lloyds* confirms that deficiency in the first removal was jurisdictional, not merely procedural. In *De Jongh*, the plaintiff sued the non-diverse State Farm Lloyds, Inc., but State Farm Lloyds (without an "Inc.") answered the complaint, alleging that it had been incorrectly named as State Farm Lloyds, Inc., and removed the matter to federal court. 555 F. App'x 435, 436 (5th Cir. 2014). The plaintiff never sought remand but appealed the final judgment on the grounds that the district court lacked subject matter jurisdiction.

*Id.* The Fifth Circuit held that State Farm Lloyds lacked the authority to remove the case because it never sought to intervene or otherwise be substituted as the defendant and remanded the matter to the district court with instructions to remand to state court for lack of subject matter jurisdiction. *Id.* at 437–39. Had the deficiency in State Farm Lloyds' removal been merely "procedural," the Fifth Circuit would not have remanded the case. A plaintiff who fails to seek remand based on procedural defects within 30 days after removal waives the right to do so, 28 U.S.C. § 1447(c), and a district court is not authorized to remand a case on procedural grounds in a *sua sponte* motion. *In re Allstate*, 8 F.3d 219 (5th Cir. 1993).

More importantly, while Defendant's theory of federal jurisdiction—diversity—remains the same, the jurisdictional facts supporting removal have changed since the case was remanded. In its first removal, Allstate Texas Lloyd's argued that it had authority to remove the case as a non-party because, despite Plaintiff's misidentification, it was the proper defendant in this case. *See Obaya*, 2021 WL 4988299, at *2. It further asserted that Plaintiff's misidentification did not destroy diversity jurisdiction because the Allstate entities, both citizens of Illinois, were diverse of Plaintiff, a citizen of Texas. *Id.* While Allstate Texas Lloyd's citizenship has not changed since the first removal, its status in the underlying suit has changed. Allstate Texas Lloyd's now argues that it is an actual party to the state court lawsuit and seeks removal based on its own citizenship.

That the parties' citizenship has not changed is beside the point because the Court's remand order was not based on deficiencies in Allstate Texas Lloyd's citizenship allegations. Indeed, the Court did not even reach the question of diversity of citizenship because it concluded that Allstate Texas Lloyd's did not have the authority to remove the case to federal court in the first place. *Id.* In short, the second removal of this case does not amount to a motion to reconsider the Court's remand order, because the factual basis for remand—that Allstate Texas Llyod's was not an actual

party to the case—is no longer true. The state court's order substituting Allstate Texas Lloyd's as the proper defendant provided a new ground for removal under 28 U.S.C. § 1446(b)(3), and Defendant timely filed its notice of removal within thirty days of the state court's order.

Plaintiff's argument that Defendant is judicially estopped from exercising its removal right based on the "inconsistent positions" it took in the first and second removals is equally unavailing. ECF No. 4 at 9–15. Plaintiff asserts that "Allstate Texas Lloyd's took the inconsistent position in [the first removal] that it was properly before the court then [and] that diversity jurisdiction was proper as of the date of the First Removal." *Id.* at 12. "Judicial estoppel prevents a party from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or some earlier proceeding." *Hall v. GE Plastic Pacific PTE, Ltd.*, 327 F.3d 391 (5th Cir. 2003) (quotation marks and citations omitted). But in order for judicial estoppel to apply, the party must have convinced the court to accept that previous position. *Id.* Here, the Court specifically rejected Defendant's position in the first removal that it had authority to remove the case as a non-party. *See Obaya*, 2021 WL 4988299, at *2. Thus, the doctrine of judicial estoppel is inapplicable.

Any delay in substituting Allstate Texas Lloyd's as the proper defendant in state court after remand appears to have occurred through no fault of either party. Defendant has represented that it will offer Plaintiff a Federal Rule of Civil Procedure 29 agreement stating that all the discovery completed in the state action will be used in this federal action. ECF No. 8. Thus, Plaintiff will not suffer any prejudice as a result of Defendant's successive removal of this case.

## CONCLUSION

For the reasons stated herein, Plaintiff's Motion to Remand (ECF No. 3) is **DENIED**.

It is so **ORDERED**.

SIGNED this 28th day of March, 2022.

                                                                                   XAVIER RODRIGUEZ
                                                                                   UNITED STATES DISTRICT JUDGE